UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY


UNITED STATES OF AMERICA        :

                                :   Criminal No. __08-308(SDW)__

            v.                  :

                                :   ORDER FOR DISCOVERY AND
                                    INSPECTION

DAWANN LAGRIER                  :

                                :

    Defendant(s)                :


        In order to eliminate unnecessary motions for discovery in
this case, to eliminate delays in the presentation of evidence
and the examination of witnesses, and to expedite the trial
pursuant to the provisions of the Speedy Trial Act of 1974,

        **IT IS ORDERED:**

    1. __Conference__.  Within ten (10) days from the date hereof
the attorneys representing the United States and the defendant
shall meet or confer to seek to resolve any discovery issues
prior to the filing of motions, and the United States shall
permit the defendant to inspect, and shall permit defendant to
photograph or copy, or shall furnish a photograph or copy of:

        (a) All statements of the defendant required to be

        produced under Rule 16(a)(1)(A),(B) or (C), Fed. R.

        Crim. P.

(b) Defendant's prior criminal record as required by Rule 16(a)(1)(D), Fed. R. Crim. P.

(c) All documents and tangible objects required to be produced under Rule 16(a)(1)(E), Fed. R. Crim. P.

(d) All reports of examinations and tests required to be produced under Rule 16(a)(1)(F), Fed. R. Crim. P.

(e) All summaries of expert witnesses' testimony, required to be produced under Rule 16(a)(1)(G), Fed. R. Crim. P. The summaries provided shall describe the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications.

(f) Any material evidence favorable to the defense related to issues of guilt, lack of guilt or punishment which is known or that by the exercise of due diligence may become known to the attorney for the United States, within the purview of Brady v. Maryland and its progeny.

(g) If there is more than one defendant named in the indictment, and if the United States intends to introduce into evidence in its case-in-chief a confession made to law enforcement authorities by one defendant which names or makes mention of a co-defendant, then the United States must make a copy of that statement or confession available to counsel for the non-declarant defendant, along with a proposal for its redaction to conform with the requirements of Bruton v. United States.  If the

2

government makes no such disclosure and turnover within the time period allowed, the confession may not be received at a joint trial of the declarant and non-declarant defendants. If, within ten (10) days after receipt of the confession and its redacted version, counsel for the non-declarant defendant makes no objection to the redacted statement, the defendant will be deemed to have acceded to the receipt of the redacted statement into evidence.

(h) A defendant who receives discovery pursuant to this Order shall be deemed to have requested such disclosure for the purpose of triggering defendant's reciprocal discovery obligations under Rule 16(b), Fed. R. Crim. P.  The defendant shall have ten (10) days from its receipt of discovery from the United States to produce its reciprocal discovery.

(i) Any defendant intending to offer a defense of alibi or insanity or mental condition shall comply with the requirements of Rules 12.1 and 12.2, Fed. R. Crim. P.

2.  <u>Disclosure Declined.</u>  If, in the judgment of the United States Attorney, in order to protect the identity of a confidential informant or undercover agent, to prevent interference with an ongoing investigation, to protect the integrity of the criminal proceeding, or to otherwise serve the interests of justice, any disclosure set forth in paragraph 1 hereof should not be made, disclosure may be declined, and

3

defense counsel advised in writing of the declination within five (5) days of the conference.

A defendant who seeks to challenge the declination may move the Court for relief in the following manner:

(a)  No later than ten (10) days from the time that the government declines, the defendant shall file a motion for discovery or inspection.

(b)  The motion shall conform to the schedule set forth in paragraph 12 of this Order, unless otherwise ordered by the Court.

(c)  The motion shall set forth:  (1) the statement that the prescribed conference was held; (2) the date of the conference; (3) the name of the attorney for the United States with whom the conference was held; (4) the matters which were agreed upon; and (5) the matters which are in dispute and which require the determination of the Court.

(d) In responding to any such motion, the United States must show good cause for the declination of discovery, and in doing so may invoke the provisions of Fed. R. Crim. P. 16(d)(1).

3.  _Rule 404(b) Evidence_. The United States shall provide notice to the defense of all evidence it intends to offer of other crimes, wrongs or acts within the meaning of Rule 404(b) of the Federal Rules of Evidence, not less than ten (10) calendar days prior to the date of trial, except that for good cause shown, the Court may excuse such pretrial notice.

4

4. <u>Jencks and Giglio Material</u>.  The United States agrees to produce all statements within the meaning of the Jencks Act, 18 U.S.C. § 3500, and impeachment evidence within the meaning of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), sufficiently in advance of the witness's testimony to avoid delay in the trial. Similarly, the defense shall produce "reverse Jencks" statements sufficiently in advance of the witness's testimony to avoid delay in the trial.

5. <u>Continuing Duty</u>.  Any duty of disclosure and discovery set forth herein is a continuing one and the attorneys for all parties shall produce any additional discoverable information.

6. <u>Exhibits</u>.  The United States shall pre-mark all exhibits that it intends to introduce as part of its case-in-chief and shall permit defense counsel to inspect and copy such exhibits thirty (30) days prior to trial. A set of such pre-marked exhibits with an exhibit list shall be given to the trial judge's deputy clerk no later than the first day of trial. The defendant's exhibits shall also be pre-marked and, unless otherwise ordered by the Court upon the defendant's application, shall be disclosed to the United States within seven (7) days after the United States' disclosure.  Defense counsel, in an appropriate case, may apply to the Court for an order requiring the United States to pre-mark exhibits more than thirty (30) days in advance of trial.  The United States and the defense shall also pre-mark all Jencks Act materials and "reverse Jencks"

pursuant to Rule 26.2, Fed. R. Crim. P., so that no trial delay is encountered.

7. <u>Authenticity of Exhibits</u>.  The authenticity of all exhibits disclosed to and examined by counsel pursuant to the provisions of paragraph 6 of this Order shall be deemed to have been accepted by either the defendant or the United States unless counsel files with the Court, fourteen (14) days prior to the date of trial, a notice that the authenticity of one or more exhibits will be contested at trial, together with a statement delineating why the authenticity of the exhibit is being challenged together with a certification that the challenge to authenticity is being made in good faith.

8.  <u>Chain of Possession</u>.  When counsel has examined an exhibit disclosed prior to trial pursuant to the provisions of paragraph 6 of this Order, the chain of possession of the exhibit will be deemed to have been accepted by either the defendant or the United States unless counsel files with the Court fourteen (14) days prior to the date of trial, a notice that the chain of possession of the exhibit will be contested at trial together with a statement delineating that the chain of possession of the exhibit is being challenged and a certification that the challenge to the chain of possession is being made in good faith.

9. <u>Scientific Analysis</u>.  When any party has disclosed the scientific analysis of an exhibit proposed to be introduced at

trial by that party, which analysis has been determined by an
expert in the field of science involved, then the scientific
analysis of the exhibit will be deemed admitted unless
counsel for a party receiving the disclosure files with the
Court, fourteen (14) days prior to trial, a notice that the
scientific analysis of the exhibit will be contested.

10.  <u>Other Motions by Defendant</u>.  Motions regarding defenses
or objections permitted pursuant to Rules 12 and 41(g), Fed. R.
Crim. P., including, <u>inter alia</u>, motions for suppression of
evidence, shall be made within thirty (30) days from the date
hereof unless good cause for delay is shown.

11.  <u>Translations</u>.  In the event that the United States
intends to utilize translations of any conversations, copies or
transcripts of such translations shall be produced for defense
counsel no later than thirty (30) days prior to the date of
trial.  The correctness of any such translation or transcript
will be deemed admitted, unless defense counsel serves and files
with the Court, fourteen (14) days prior to the date of trial, a
notice that counsel objects to the translation or transcript,
specifying the portions thereof to which objection is made and
counsel's contentions as to the correct translation.

12.  All pretrial motions not otherwise specifically
provided for in this or other Orders of the Court in this case

will be deemed waived unless they are filed and served not later than:

      Pretrial motions    June 30 , 2008

      Opposition due:    July 28 2008

      Motions hearing date: August 7, 2008

      Trial set for:    August 12, 2008

13. Counsel shall furnish to the Court, five (5) days prior to the date of trial, requests to charge and proposed <u>voir</u> <u>dire</u> questions.

UNITED STATES DISTRICT JUDGE
HON. SUSAN D. WIGENTON

Dated:    **JUNE 2,2008**

DNJ Order for Discovery Inspection

8